```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

The Mortgage Specialists, Inc.,
et al.

    v.                              Civil No. 13-cv-00156-JL

NH Banking Department,
Commissioner

## RECUSAL ORDER

Before the court is the plaintiffs' motion for the court to recuse itself from the above captioned matter (doc. no. 20). The motion lacks merit, and is denied. For other reasons, however, the court *sua sponte* recuses itself.

The plaintiffs advance two reasons in support of their request for recusal: (1) the court, between 1990 and 1993, was employed as an associate in a law firm where Attorney L. Jonathan Ross worked as a partner; and (2) the court has exhibited "bias and prejudice" against the plaintiffs and their case. Although Attorney Ross (who represented one of the plaintiffs in his divorce) is not a party in this litigation, plaintiffs' counsel has represented that he is a potential witness based on his role in a rather vast civil conspiracy alleged by the plaintiffs.

Attorney Ross's involvement in the case, as a basis for recusal, requires little discussion. It has been 20 years since the court worked with or for Attorney Ross. The court and Attorney Ross have only infrequent contact, sometimes going years

without running across each other or speaking.  While the court holds Attorney Ross in high professional regard, the same can be said for many members of the New Hampshire bar.  The court's only contact with Attorney Ross in recent years has involved their participation in efforts, through various entities affiliated with the bench and bar, to increase access to justice for the indigent.  Nothing about this relationship requires this court's recusal.

The plaintiffs' allegation of "bias and prejudice," however, requires further discussion.  It is true, as represented in the plaintiffs' motion, that the court referred plaintiffs' counsel to the Rules of Professional Conduct during a telephone conference regarding the plaintiffs' request for temporary and preliminary injunctive relief.  That suggestion, however, was not based on skepticism regarding the plausibility of the civil conspiracy alleged in the complaint, as plaintiffs suggest, or any other bias or prejudice toward their case.[1]  Rather, it was

---

[1] The court's understanding of the alleged conspiracy (or conspiracies) is as follows:

Plaintiffs The Mortgage Specialists, Inc. ("MSI") and Michael Gill, president and majority owner of MSI, allege that the New Hampshire Banking Department engaged in a "longstanding conspiracy" with a number of attorneys, including the plaintiffs' own former counsel Alexander Walker and his colleagues at Devine Millimet & Branch, PA, "to engage in tortious conduct designed to put MSI out of business and to cover up the Department's own oversight failures."  These include, among other things, the

2

---

Department's failure to detect the wrongdoing of Financial Resources Mortgage, Inc. ("FRM"), a New Hampshire-based mortgage originator that collapsed in 2009.  By undertaking and publicizing an investigation of MSI, the plaintiffs contend, the Department was able "to distract attention from the unfolding issues surrounding the Department's lack of oversight of FRM."

According to the plaintiffs, Attorney Walker used his "close personal contact" with the Department to engineer this investigation.  Attorney Walker did so, the plaintiffs assert, to distract Gill from (a) his wholly separate conspiracy with the counsel involved in his divorce--Attorney Ross, whom Gill had retained at Attorney Walker's recommendation, and Stephen Tober, the attorney for Gill's wife--"to churn and bill excessive and unnecessary legal fees," and (b) their joint "destruction of computer and other evidence in the divorce case."  Prior to enlisting the help of the Department to cover up this conspiracy, the plaintiffs claim, Attorney Walker had "steered" Gill to several other attorneys--James Tenn of Tenn & Tenn, PA; R. David Depuy of McLane, Graf, Raulerson & Middleton, PA; and Timothy Coughlin of Couglin, Rainboth, Murphy & Lown, PA--who were "friends or close associates" of Attorney Walker and, acting at his direction, assisted him in both prolonging the divorce action in order to generate additional legal fees and concealing the misconduct that had previously occurred.

In pursuit of their conspiracy, the Department, Attorney Walker, and his firm, in addition to scheming to investigate MSI, allegedly disclosed confidential information belonging to MSI.  They did this by enlisting an employee of Proficio Mortgage, a competitor of MSI and respondent in another case before the Department, to post the information (along with supposedly defamatory statements about MSI) on a web site.  Shortly after he did so, the Department allegedly dismissed the charges against Proficio.  While Gill and MSI encouraged Attorney Walker and the Department to investigate the disclosure of this information, Attorney Walker and the Department took what the plaintiffs claim were only halfhearted efforts to do so, in an attempt to prevent their conspiracy from being discovered.

More recently, the Department has undertaken what the plaintiffs claim is an abusive audit of MSI, demanding four months' worth of the company's e-mails and threatening to suspend the company's license if it does not comply.  The plaintiffs also

3

suggested in response to counsel's repeated claims of ignorance regarding the facts alleged in that complaint, and further claims that he was not its author (although the amended complaint bears his signature) and was new to both his employment in the plaintiffs' company and his representation of the company in this litigation.  These claims of ignorance and disavowal of responsibility for the allegations in this lawsuit are difficult to square with counsel's duty to inform himself of the facts of his clients' case and only press non-frivolous claims, <u>see</u> N.H. R. of Prof. Conduct 3.1, and his duty of candor toward the court, <u>see</u> N.H. R. of Prof. Conduct 3.3.  It was not the court's intention to threaten or attempt to intimidate plaintiffs' counsel, or to dissuade him or the plaintiffs from further pursuing this case.

    Nonetheless, the court's careful review of the complaint reveals that there are several other New Hampshire attorneys alleged to have some role in the civil conspiracy, at least one of whom (unlike Attorney Ross) is on this court's recusal list. While the court is certain that it could preside impartially over

---

assert that the Department has enlisted the New Hampshire Department of Labor to institute an inspection of MSI "in a further effort to harass MSI and to dissuade MSI from pursuing information concerning the conspiracy between the Department and MSI's former counsel."

this case, in an abundance of caution and deference to the applicable standards set forth under 28 U.S.C. § 455(a) and Canon 3(c)(1) of the Code of Conduct for United States Judges, it *sua sponte* recuses itself from this case.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated:  May 10, 2013

cc:  Michael S. Parousis, Esq.
     Nancy J. Smith, Esq.

5